Sherman C. BOLLING, Petitioner,

v.

Vito TERNULLO, Warden, Otisville Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 82 Civ. 0411.

United States District Court,
S. D. New York.

Aug. 16, 1982.

Sherman C. Bolling, pro se.

Patrick Henry, Dist. Atty. of Suffolk County, Riverhead, N. Y., for respondents; Marion T. McNulty, Asst. Dist. Atty., Hauppauge, N. Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner is serving concurrent sentences of three to six years (forgery), three to six years (possession of forged instruments) and one year (conspiracy) pursuant to a judgment of conviction entered after a jury trial in the Supreme Court of the State of New York, Suffolk County. He seeks his release upon a federal writ of habeas corpus pursuant to 28 U.S.C., section 2254, based upon the denial of a motion for a new trial without an evidentiary hearing and the denial of his application for leave to appeal from that ruling to the Appellate Division and the New York State Court of Appeals. He alleges that these denials violated his federally protected right to due process of law. Petitioner's appeal to the Appellate Division from his judgment of conviction has not been perfected and is still pending.

■ The motion to vacate the judgment of conviction and for a new trial was based upon two grounds: (1) newly discovered evidence—that he had been "framed" by the police (CPL § 440.10(1)(g)); and (2) prosecutorial misconduct with respect thereto (CPL § 440.10(1)(b)). Petitioner, in support of his application, submitted the affidavit of Robert Poole who had been convicted of a series of crimes similar to those charged against petitioner and who is now serving his sentence. The Poole affidavit contained allegations of a frame-up against petitioner in which Poole said he was a participant together with Michael Calvin, an undercover police officer, and Terry Nixon. The latter two were witnesses at petitioner's trial. Petitioner did not participate in his trial. He refused to attend and the trial judge ruled that by his willful conduct he had waived his right to be present.

Poole's charge, now the basis of petitioner's habeas corpus petition, had been the subject of a pretrial hearing in Poole's own case on his motion to dismiss the indictment, among other matters, because of the People's failure to keep an alleged agreement not to prosecute him in exchange for his cooperation in an ongoing investigation. This related to the indictment against petitioner.[1]

Petitioner's motion for a new trial based upon the Poole affidavit came before the same judge who incidentally also presided at the Poole hearing. At the conclusion of that hearing the judge found that Poole's testimony was not credible. In the denial of the petitioner's application for a new trial the judge adverted to Poole's pretrial testimony in his own case and noted that he had found it not credible. The court further found that no evidence had been presented that the witnesses at petitioner's trial had testified falsely and concluded that petitioner had failed to sustain his charge of frame-up. Additionally, the trial judge found that petitioner had failed to meet New York's criteria governing motions for a new trial.[2] The trial judge articulated each essential in which petitioner had failed to satisfy the requirements to obtain a new trial upon the claim of newly discovered evidence. The record abundantly supports the court's determination.

■ As to the claim that his motion was denied without an evidentiary hearing, the court had available not only the record of the prior proceedings at which Poole had testified, but its own appraisal of Poole's demeanor and credibility with respect to the very matter petitioner was urging in support of his motion for a new trial. In the circumstance, there was no need for an evidentiary hearing and no constitutional

1. This Court has read the minutes of the hearing on Poole, motion conducted by the State Supreme Court Justice.

2. *People v. Salemi*, 309 N.Y. 208, 128 N.E.2d 377 (1955); *cf. United States v. Marquez*, 363 F.Supp. 802, 808 (S.D.N.Y.1973), *aff'd mem.* 490 F.2d 1383 (2d Cir. 1974), *cited with approv-*

*al United States ex rel. Regina v. LaVallee*, 504 F.2d 580, 583 (1974), *cert. denied*, 420 U.S. 947, 95 S.Ct. 1330, 43 L.Ed.2d 425 (1975); *United States v. Munchak*, 338 F.Supp. 1283, 1293–94 (S.D.N.Y.), *aff'd*, 460 F.2d 1407 (2d Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 236, 34 L.Ed.2d 177 (1972).

right of petitioner was violated.[3] There is no requirement when allegations in an affidavit are repelled by an existing judicial record that an evidentiary hearing be conducted.

The affidavit of James Tobias, also submitted by petitioner in support of his motion for a new trial, contained such double, if not triple, hearsay as to require no other comment than its rejection.

The petition for a writ of habeas corpus is denied.

---

3. *Cf. Mirra v. United States,* 379 F.2d 782, 787 (2d Cir. 1967).